**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ADAM H. DONLEY,<br><br>Plaintiff,<br><br>v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>Defendant. | **Case No.** 2:20-cv-01176<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT CONSUMER PROTECTION ACT, 15 U.S.C. §1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.;***<br><br>3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Adam H. Donley ("Plaintiff"), by and through his attorneys, Wajda Law Group, APC ("Wajda"), complaining of IQ Data International, Inc. ("IQ Data" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection

1

Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California and maintains significant business contacts in the Central District of California.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a business entity engaged in the collection of debt within the State of California. Defendant is incorporated in the State of Washington.

6. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

7. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

8. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

9. At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTS SUPPORTING CAUSES OF ACTION

10. On or around August 19, 2019, Plaintiff moved out of his apartment complex.

11. Plaintiff carried a small remaining balance and a cleaning fee, totaling approximately $1,300 ("subject debt").

12. Subsequently, Defendant began placing phone calls to Plaintiff's cellular phone number, (818) XXX-6650.

13. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

14. In or around early October 2019, Plaintiff spoke with a representative and provided a debit card to withdraw payment. During this phone call, Plaintiff also informed Defendant that he did not want to receive phone calls.

15. Due to insufficient funds, Plaintiff's payment was declined.

16. Soon after the payment failed, Defendant called Plaintiff to inform him of the declined payment. The representative was aggressive and threatened to report the debt to credit reporting agencies if he did not make a payment. Fearing that his credit would be gravely impacted, Plaintiff scheduled a payment for the end of October.

17. When the payment date approached, Plaintiff contacted Defendant to cancel the arranged payment, as he would not have enough funds to cover the transaction..

18. On or around October 31, 2019, Defendant proceeded to withdraw the payment, despite Plaintiff informing the representative he could not make the scheduled payment and cancelling his scheduled payment.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by placing several unwanted phone calls to Plaintiff's cellular phone and withdrawing at least one unauthorized payment from Plaintiff's credit card.

20. The phone number that Defendant most often uses to contact Plaintiff is (818) 962-

0866, but upon further information and belief, it may use other phone number to place calls to Plaintiff's cellular phone.

## DAMAGES

21. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1-24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3)

27. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal family, or household purposes.

4

28. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(5), e(10), f, and f(1) through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

31. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught if phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

32. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

**b. Violations of FDCPA § 1692d**

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

34. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

### c.  Violations of FDCPA § 1692e

35. Defendant violated §1692e by engaging in false, deceptive, and misleading conduct in its attempt to collect on the subject debt. Specifically, Defendant falsely told Plaintiff that it would report Plaintiff to credit reporting agencies if he did not make immediate payment toward the subject debt.

36. Defendant violated §1692e(5) and e(10) when it threatened to report Plaintiff's debt to credit reporting agencies, despite never having the intention to report the debt. Defendant attempted to utilize false and deceptive information in effort to coerce Plaintiff into making an immediate payment to satisfy the subject debt.

### d.  Violations of FDCPA §1692f

37. Defendant violated §1692f by using unfair and unconscionable means in attempt to collect on the subject debt.

38. Defendant unfairly harassed Plaintiff with numerous phone calls to his cellular phone in hope of annoying him to the point where he would break down and make immediate payment on the subject debt.

39. Defendant violated §1692f(1) by making an unauthorized withdrawal from Plaintiff's checking account, despite Plaintiff specifically stating that Defendant was not authorized to withdraw funds from Plaintiff's account.

**WHEREFORE**, Plaintiff ADAM H. DONLEY respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

43. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

44. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

45. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between August 2019 and the present day, using an ATDS without his prior consent.

46. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

47. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

48. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

49. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

50. Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

51. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, ADAM H. DONLEY, respectfully prays this Honorable Court for the following relief:

    a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

    b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

54. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

55. Defendants are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c).

    **a.  Violations of RFDCPA § 1788.11(e)**

56. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

57. Defendants violated the RFDCPA when it continuously placed phone calls to Plaintiff's

cellular phone after he informed the representative he could not pay the debt and to cease calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of phone calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

58. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing phone call campaign. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, ADAM H. DONLEY, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: February 5, 2020                        Respectfully submitted,

                                        **ADAM H. DONLEY**

                                        By: */s/ Nicholas M. Wajda*

                                        Nicholas M. Wajda (State Bar No. 259178 )
                                        **WAJDA LAW GROUP, APC**
                                        6167 Bristol Parkway
                                        Suite 200
                                        Culver City, California 90230
                                        Telephone: 310-997-0471
                                        Facsimile: 866-286-8433
                                        E-Mail: nick@wajdalawgroup.com